**McLEOD et al. v. STUYVESANT INS. CO.**

**SAME v. NORTH RIVER INS. CO. OF NEW YORK.**

Circuit Court of Appeals, Fifth Circuit.
January 3, 1928.

Nos. 5123, 5124.

Insurance ⊜⇒317(2)—Fire policies on lumber held avoided by violation of express warranty requiring clear space of 200 feet between lumber and mill.

Insured *held* not entitled to recover on fire policies insuring lumber in a mill yard on a finding that the lumber, when burned, was piled nearer than 200 feet to the mill, in violation of an express warranty in the policies that there should be maintained at all times a continuous, unbroken, clear space of 200 feet between the lumber and the mill or any other building or structure.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Actions at law by John A. McLeod, G. M. McWilliams, R. N. Steadman, and R. D. Wentworth, doing business as the Wentworth Lumber Company, against the Stuyvesant Insurance Company, and against the North River Insurance Company of New York. Judgments for defendants, and plaintiffs bring error. Affirmed.

Geo. W. Currie and D. E. Sullivan, both of Hattiesburg, Miss. (D. E. & C. W. Sullivan and Currie, Smith, Stevens & Currie, all of Hattiesburg, Miss., on the brief), for plaintiffs in error.

A. A. Armistead, of Vicksburg, Miss., for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. These two cases were argued together and involve identical questions.

Plaintiffs in error, doing business as the Wentworth Lumber Company, were the owners of a sawmill in Forest county, Miss., and secured policies for fire insurance covering lumber on the yard, from defendants in error and other insurance companies. A fire destroyed the mill and considerable of the lumber. The insurers declined to pay, and separate suits were brought against the various insurance companies in a state court. One of these, involving less than $3,000, was tried, and resulted in the direction of a verdict in favor of plaintiffs, on which judgment was entered and affirmed by the Supreme Court of Mississippi. In the meantime these two cases had been removed to the District Court. After the termination of the suit

above referred to, they were submitted to the court on the transcript of that case, as made up in the state court; the jury being waived. The District Court reached a conclusion contrary to that arrived at in the state court, and entered judgment in favor of defendants in error.

We are not favored with an opinion by the District Court, and therefore are not advised upon what ground or grounds the judgment rests. The case presents the following issues:

The insurer relies upon breaches of warranties in the policies known as the iron safe clause, in that the insured did not keep and produce a proper inventory, and the lumber clear space clause, in that lumber was piled within less than 200 feet of the mill. The validity of these clauses is not questioned. The lumber clear space clause, so far as material, is as follows:

"*Lumber Clear Space Clause.*—In consideration of the reduced rate and premium at which this policy is written, it is warranted by the assured that a continuous unbroken clear space of 200 feet shall be maintained at all times between the property herein described and any idle and/or operating sawmill, planing mill, and/or other woodworking and/or manufacturing building or establishment and/or dry kiln and/or slab pit and/or refuse burner, whether such sawmill, planing mill, buildings, establishment, dry kilns, slab pits, or refuse burners are unused, idle or operating, and that said intervening clear space shall not be used for handling or piling of lumber or lumber products therein or thereon for any purpose (tramways, upon which lumber is not piled, alone being excepted)."

The insured denied breaches of these warranties, except that it was not denied that a piece of woodworking machinery known as a sizer was set up within the clear space required by the policy and inclosed by a temporary structure; but as to this they claim a waiver on the ground that the location of this piece of machinery was known to the agent who delivered the policies, and furthermore that it was removed before the fire, and could not have contributed to the risk.

In the appreciation we have of the record, it is unnecessary to consider whether the iron safe clause was breached, or whether the breach caused by the location of the sizer was waived.

Henry, a witness for the insurers, testified that, together with Wentworth, one of the insured, he measured the distance from

the mill to the nearest lumber pile, and on the southwest line it was 188 feet, on the line directly south it was 170 feet, and from the sizer it was 117 feet. Wentworth's testimony, intended to be in the rebuttal, corroborates Henry as to these measurements, and merely attempts to show that in measuring the distance of 188 feet Henry started from the foundation of an engine used to operate the sizer, and not from the foundation of the mill proper, which was 17 feet further away. The testimony of Wentworth on the whole tends to corroborate Henry, and there is nothing else in the record to modify or offset it. The questions of fact presented by the record, of course, were for the judge, and there was enough to support the conclusion that the lumber clear space clause had been violated, without taking into consideration anything regarding the sizer. As to this it is immaterial whether Henry was contradicted or corroborated by the other testimony in the record.

The record presents no reversible error. Affirmed.